**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| STATE OF MISSOURI, ex rel.<br>Secretary of State ROBIN CARNAHAN and<br>the Missouri Attorney General,<br><br>          Plaintiff,<br><br>          v.<br><br>STIFEL, NICOLAUS & COMPANY,<br>INCORPORATED, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 4:09-CV-560 CAS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This removed matter is before the Court on plaintiff the State of Missouri, ex rel. Secretary of State Robin Carnahan and the Missouri Attorney General's motion to remand. Defendants oppose the motion. For the following reasons, the Court concludes that plaintiff's motion to remand should be granted.

**Background.**

This action was originally filed by plaintiff the State of Missouri in the Circuit Court of Franklin County, Missouri on March 12, 2009.[1] In the petition, plaintiff seeks damages on behalf of customers who purchased auction rate securities from the defendants.

On April 13, 2009, defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and the applicable provisions of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), including 15 U.S.C. §§ 78bb(f) and 77p(c). In support of the Notice of

---

[1]The petition filed in the Circuit Court of Franklin County states, "Secretary of State Robin Carnahan *and the duly appointed Commissioner of Securities, Matthew D. Kitzi,* bring an action by the State of Missouri, Plaintiff . . . ." Pet. at 1 (emphasis added).

Removal, defendants state that the action is a "covered class action" brought in a state court involving a "covered security" and is therefore removable under SLUSA § 77p(c).

**Legal Standard.**

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. See In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); McHugh v. Physicians Health Plan, 953 F. Supp. 296, 299 (E.D. Mo. 1997). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. See Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).

**Discussion.**

The SLUSA was passed in 1998 to close a loophole in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). To discourage frivolous litigation, the PSLRA created heightened pleading requirements for class actions alleging fraud in the sale of securities. See 15 U.S.C. § 78u-4. Class action plaintiffs, however, avoided these stringent procedural requirements by bringing suit in state rather than federal court. See generally Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 107-07 (2d Cir. 2001). In passing the SLUSA, Congress found that "to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the [PSLRA], it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities, *while preserving the appropriate enforcement powers of State securities regulators.*" Pub. L. No. 105-353 §§2(5) (emphasis added).

The SLUSA makes federal court the exclusive venue for private party class actions alleging fraud in the sale of certain securities and mandates that such class actions be governed exclusively by

federal law. See 15 U.S.C. § 77p(b)-(c). Subsection § 77p(b), or the "preclusion section," precludes any private party class action alleging fraud in the sale of securities based on the statutory or common law of the state. Both sides agree that this class action was not brought by a private party and therefore is not precluded under subsection § 77p(b). See Pl. Mem. at 9; Def. Resp. at 3. Subsection § 77p(c), or the "removal section," provides for the removal to federal court of any covered class action involving a covered security as set forth in the preclusion section. These subsections state:

> (b) **Class action limitations.** No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging [fraud in the sale of a covered security].
> (c) **Removal of covered class actions.** Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

Importantly for this case, subsections (d) and (e) preserve certain actions, including those brought by a state or a political subdivision of a state:

> (d) **Preservation of certain actions.** . . . (2) State actions. (A) In general. Notwithstanding any other provision of this section, nothing in this section may be construed to preclude a State or political subdivision thereof . . . from bringing an action involving a covered security on its own behalf . . . .
> (e) **Preservation of State jurisdiction.** The securities commission (or any agency or office performing like functions) of any State shall retain jurisdiction under the laws of such State to investigate and bring enforcement actions.

In its motion to remand, plaintiff cites to subsections (d) and (e) to support its position that this state enforcement action brought by the state in state court under state statutory law is not removable to federal court. In its reply brief, plaintiff bolsters its argument by citing a United States Supreme Court case, Kircher v. Putnam Funds Tr., 547 U.S. 633 (2006), in which the Supreme Court stated the only cases removable to federal court under § 77p(c) are those cases precluded under § 77p(b).

Defendants' argument centers upon a distinction they make between dismissal or preclusion and removal.² Defendants state that removal provision of subsection (c) is *not* limited to those actions that are precluded by subsection (b). With respect to subsections (d) and (e), defendants argue the language in § 77p(d)(2) provides that this action is not precluded by federal law, but this subsection has nothing to do with whether this action is removable to federal court. Further, defendants argue subsection (e) does not provide for state *court* jurisdiction, but only the jurisdiction of the state's securities commission to investigate and bring enforcement actions against defendants.

Defendants' argument simply does not withstand scrutiny. The SLUSA expressly preserves the right of the state to retain jurisdiction under the laws of the state to investigate and bring enforcement actions. See 15 U.S.C. § 77p(e). Missouri statutory law provides for civil enforcement actions to be maintained by the commissioner of securities in the "circuit court of any county of the state." § 409.6-603(a). The civil enforcement provision of Missouri Revised Statute § 409.6-603 provides:

> (a) If the commissioner believes that a person has engaged, is engaging, or is about to engage in an act, practice, or course of business constituting a violation of this act or a rule adopted or order issued under this act . . . the commissioner may maintain an action in the circuit court of any county of the state . . . to enjoin the act, practice, or course of business and to enforce compliance with this act or a rule adopted or order issued under this act.

Mo. Rev. Stat. § 409.6-603(a).

Defendants state that nothing by virtue of their removal "denies the State of Missouri jurisdiction to 'investigate' defendants or to 'bring enforcement actions' against defendants." Under the laws of the State of Missouri, however, the commissioner of securities is expressly permitted to

---

²Defendants define preclude as to "compel [the] dismissal of." Def. Resp. at 3. The Court will refer to dismissal or preclusion as simply preclusion.

bring an action in state court for securities fraud. Defendants' removal of this action to federal court, therefore, denies the State of Missouri its right under the laws of the State of Missouri to bring enforcement actions in state court.[3]

The Supreme Court removed any doubt about whether this case is removable in <u>Kircher v. Putman Funds Tr.</u>, 547 U.S. 633, cited by plaintiff in its reply brief. In <u>Kircher</u>, the Court addressed the scope of appellate review over a remand decision where defendants had removed under the SLUSA. In finding that the district court's remand orders were not appealable, the Court directly addressed the issue raised by defendants—whether removal jurisdiction under subsection (c) is limited to cases precluded under subsection (b). The Supreme Court accepted the "straightforward reading" of subsections (b) and (c), stating "removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b)" <u>Id.</u> at 643. Stated another way, as plaintiff has, a covered action is removable *only* if it is precluded. As the Supreme Court states further: "[R]emoval jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b)" and "[i]f the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court." <u>Id.</u> at 643-44. The Supreme Court's interpretation of the SLUSA's preclusion and removal provisions could not be more clear: only those cases precluded by the terms of subsection (b) are removable to federal court.

In light of the Supreme Court's opinion in <u>Kircher</u>, defendants would be hard pressed to argue

---

[3]Defendants state that the Missouri statutory provision is expressly subject to the SLUSA, but cite only to the statutory provision addressing civil liability in private party actions. <u>See</u> Def. Opp'n at 7; Mo. Rev. Stat. § 409.5-509. Additionally, the Court finds unpersuasive defendants' argument that this case has already been "brought" and therefore subsection (e), which preserves state jurisdiction to "bring" enforcement actions, can have no effect. <u>See</u> Def. Opp'n at 8 n.1.

that this case, which they concede is not precluded under subsection (b), is removable under subsection (c). Defendants moved for leave to file a surresponse to address this issue, which the Court granted. Quite surprisingly, defendants argued that the Supreme Court did *not* hold that an action must be precluded under the SLUSA to be removable and that plaintiff has "misread[]" and "misappli[ed]" Kircher. See Surresp. at 4. Defendants do not explain their interpretation of Kircher and how plaintiff has misread and misapplied the opinion. Rather, defendants point to plaintiff's statement that the SLUSA's "class of removable cases is larger than the class of those that must be dismissed," and argue that plaintiff's "admission" directly contradicts its reading of Kircher. Nothing about this quotation, however, is contrary to the Supreme Court's interpretation of subsections (b) and (c) in Kircher. Plaintiff merely acknowledged (as did the Supreme Court) that there is a limited category of cases that are not precluded under the SLUSA and for which removal jurisdiction exists, i.e., where removal jurisdiction exists on some ground other than § 77p(c), complete diversity for example. As defendants are well aware, this case does not fall into that slim category. The only grounds for removal they cite in their notice of removal are the provisions of the SLUSA, 15 U.S.C. § 77p. See Notice of Removal at 3-5.

Finally, both parties argue that the legislative history of the SLUSA supports their respective positions. Nothing in SLUSA's legislative history envisions a state enforcement action brought by the state in state court under state law being removed and tried in federal court. See generally Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 107-12 (2d Cir. 2001). As the Supreme Court stated in Kircher, "[T]here is no indication whatsoever in [the SLUSA] that, apart from its purpose to preclude certain vexing state-law class actions, Congress intended to add other state-law cases to the federal dockets." Kircher, 547 U.S. at 644 n.12.

For these reasons, the Court concludes that it does not have subject matter jurisdiction. Plaintiff's motion to remand should therefore be granted.

Plaintiff's Motion for Attorneys' Fees and Costs under 28 U.S.C. § 1447(c)

Plaintiff's motion for remand included a request for costs and attorneys' fees. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of just costs, including attorneys' fees, in the discretion of the Court. "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

By removing this action to federal court defendants attempted to avoid the clear language of the SLUSA that preserves state jurisdiction over actions brought by the securities commission of any state under state law. In Kircher, the Supreme Court rejected the removing defendants' interpretation of the SLUSA, and repeatedly stated that removal and jurisdiction to deal with removed cases is limited to those cases precluded by the terms of subsection (b). Nor does anything in the legislative history of the SLUSA support defendants' argument that this state enforcement action brought by the state under state law is removable to federal court. Under the circumstances of this case, the Court finds it proper to award plaintiff a reasonable amount for the costs and attorneys' fees incurred in addressing the removal and remand issues.

In its opposition to defendants' motion for leave to file a surresponse, plaintiff states that it has expended "at least thirty (30) hours researching and drafting pleadings related to removing defendants' meritless arguments for removal. The reasonable and customary rate of plaintiff's counsel is $150 per hour." Plaintiff seeks an award of attorneys' fees in the amount of $4,500, which

will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc. 26]

**IT IS FURTHER ORDERED** that plaintiff's request for attorneys' fees and costs is **GRANTED**, and plaintiff is awarded reasonable attorneys' fees from defendants in the amount of Four Thousand Five Hundred Dollars ($4,500.00), to be paid within twenty (20) days of the date of this order.

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED without prejudice**. [Doc. 15, 45, and 47]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall assess the costs of this matter against defendants.

**IT IS FINALLY ORDERED** that this matter is **REMANDED** to the Circuit Court of Franklin County, Missouri, from which it was removed, for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of July, 2009.